**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **LARRY WATSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 05-0244-CG-C** |
| | ) | |
| **U.S. BANK NATIONAL ASSOCIATION,** | ) | |
| **INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant, U.S. Bank National

Association, Inc. ("U.S. Bank"), for summary judgment (Doc. 8), plaintiff's response thereto

(Doc. 17), defendant's reply (Doc. 19), plaintiff's motion to strike (Doc. 16), and defendant's

opposition thereto (Doc. 18).  For the reasons stated below, the court finds that plaintiff's motion

to strike is MOOT and that defendant's motion for summary judgment is due to be GRANTED.

## BACKGROUND

On July 31, 2000, plaintiff entered into an agreement with MOI, Inc. d/b/a Coastal Ford

for the lease of a 2000 Ford Mustang.  The agreement was ultimately assigned to defendant, U.S.

Bank.  According to the agreement, the initial value of the vehicle was $23,250.00.  The vehicle

was to be leased for 48 months, and plaintiff agreed to make monthly payments in the amount of

$385.84.  The agreed value of the vehicle at the end of the lease period was $10,711.30.  The

agreement contains a provision that allows plaintiff, upon full performance of the lease, the

option of purchasing the vehicle at the end of the lease term for a stated amount plus any taxes,

fees, and other charges related to the purchase.  Plaintiff claims the stated amount in the purchase

option provision is $1,061.30.  Defendant, on the other hand, asserts that the figure for the

purchase option was misaligned when typed on the contract resulting in the first digit falling on

the dollar sign.  According to defendant, the amount stated in the purchase option provision is

$11,061.30.  Plaintiff sued the bank when it refused to allow him to exercise the option to

purchase the car for $1, 061.30.

## LEGAL ANALYSIS

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted:

"if the pleadings, depositions, answers to interrogatories, and admissions on file, together with

the affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to judgment as a matter of law."   The trial court's function is not "to

weigh the evidence and determine the truth of the matter but to determine whether there is a

genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).   "The mere

existence of some evidence to support the non-moving party is not sufficient for denial of

summary judgment; there must be 'sufficient evidence favoring the nonmoving party for a jury

to return a verdict for that party.'" Bailey v. Allgas, Inc., 284 F.3d 1237, 1243 (11th Cir. 2002)

(quoting Anderson, 477 U.S. at 249). "If the evidence is merely colorable, or is not significantly

probative, summary judgment may be granted." Anderson, at 249. (internal citations omitted).

The basic issue before the Court on a motion for summary judgment is "whether the

evidence presents a sufficient disagreement to require submission to a jury or whether it is so

one-sided that one party must prevail as a matter of law."  See Anderson, 477 U.S. at 251-252.

The moving party bears the burden of proving that no genuine issue of material fact exists.

O'Ferrell v. United States, 253 F.3d 1257, 1265 (11th Cir. 2001).  In evaluating the argument of

the moving party, the court must view all evidence in the light most favorable to the non-moving

2

party, and resolve all reasonable doubts about the facts in its favor. Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir.1999).  "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." Miranda v. B&B Cash Grocery Store, Inc., 975 F.2d 1518, 1534 (11th Cir. 1992) (citing Mercantile Bank & Trust v. Fidelity & Deposit Co., 750 F.2d 838, 841 (11th Cir. 1985)).

Once the movant satisfies his initial burden under Rule 56(c), the non-moving party "must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial." Howard v. BP Oil Company, 32 F.3d 520, 524 (11th Cir.1994)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  Otherwise stated, the non-movant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment."  See Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).  The non-moving party "may not rest on the mere allegations or denials of the [non-moving] party's pleading, but .... must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e)  "A mere 'scintilla' of evidence supporting the [non-moving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party."  Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted). "[T]he nonmoving party may avail itself of all facts and justifiable inferences in the record taken as a whole." Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998 (11th Cir. 1992).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial."  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 at 587 (1986) (internal quotation and citation omitted).

**B. Motion to Strike**

Plaintiff seeks to strike exhibit C to defendant's motion for summary judgment which consists of a letter dated June18, 2004 from Cheryl Simmons, a Lease Support Specialist for U.S. Bank, to plaintiff.  The court finds that the exhibit is not material to the court's determination, as the result would be the same if the exhibit were not considered by the court.  Therefore, the court

finds that the motion to strike is **MOOT**.

## C. Merits of Plaintiff's claims

Plaintiff claims he attempted to exercise his option to purchase the vehicle for the sum of $1,061.30 and U.S. Bank breached the contract by refusing to convey the vehicle to plaintiff unless he paid over $11,000. As a result, plaintiff claims he is entitled to damages and specific performance. Plaintiff also asserts that U.S. Banks' refusal to perform the terms of the lease constitutes a deceptive trade practice prohibited by ALA. CODE § 8-19-1 et seq. and that the contract violates the Consumer Leasing Act, 15 U.S.C. § 1667 et. seq. and Federal Reserve Board Regulation M, 12 C.F.R. § 213. U.S. Bank maintains that the agreement clearly and plainly states that $11,061.30 is the purchase option amount.

After examining the lease, the court finds that a rational trier of fact could not find for the plaintiff concerning the amount of the purchase option. Although plaintiff claims he cannot or could not see the first digit of the purchase option amount, the court finds that, although the figure is misaligned on the page, the agreement clearly shows the amount to be $11,061.30. In addition, given the other stated terms in the contract, it would be unreasonable for plaintiff to believe that the purchase option amount would be only $1,061.30. Thus, summary judgment is due to be granted in favor of defendant with regard to plaintiff's claims for breach of contract and specific performance.

The court also finds that summary judgment is due to be granted as to plaintiff's claim that U.S. Bank's actions in refusing to allow him to purchase the vehicle for $1,061.30 constitute a deceptive trade practice. It was clearly not unconscionable, false, misleading, or deceptive for U.S. Bank to require plaintiff to comply with the terms of the contract by paying the purchase option price stated in the contract.

As to plaintiff's claim under the Consumer Leasing Act, the court finds that the facts of this case to not constitute a violation. The act requires that the lessor provide the lessee with a written statement which sets out "accurately and in a clear and conspicuous manner" "whether or

not the lessee has the option to purchase the lease property and at what price and time." 15 U.S.C. § 1667a.  Although misaligned on the page, the language of the purchase option provision at issue is clear and the type size used was adequate.  Moreover, "[s]ection 1640 of the Act allows a creditor two means for avoiding liability under the Act even though the original agreement does not meet its disclosure requirements." Thomka v. A. Z. Chevrolet, Inc., 619 F.2d 246, 248 (3d Cir. 1980).  The first means is for the creditor to promptly notify the person concerned of the error and make appropriate adjustments. 15 U.S.C. § 1640(b).  The second means allows the creditor or assignee to avoid liability if it can show "that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1640(c).  Section 1640(c) states that "[e]xamples of a bona fide error include, but are not limited to, clerical, calculation, computer malfunction and programing, and printing errors, except that an error of legal judgment with respect to a person's obligations under this subchapter is not a bona fide error." Id.  The error in this case was a clerical or printing error and there is no indication or allegation that the error was intentional.  Thus, even if the provision violated the Act, the court finds that no rational trier of fact could find the defendant liable for the bona fide error.

### CONCLUSION

For the reasons stated above, plaintiff's motion to strike (Doc. 16) is **MOOT** and the motion of defendant, U.S. Bank National Association, Inc., for summary judgment (Doc. 8) is **GRANTED**.

**DONE** and **ORDERED** this 10th day of February, 2006.


  /s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE